# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE VIGIL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY.<br><br>　　　　Defendant. | Case No. 1:16-cv-01677-SAB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR EXTENSION OF TIME FOR PLAINTIFF TO FILE OPENING BRIEF<br><br>(ECF No. 16) |

On November 3, 2016, Plaintiff filed the present action seeking review of the Commissioner's denial of an application for benefits. On November 7, 2016, the Court issued a scheduling order. (ECF No. 5). On November 21, 2016, the Court issued an amended scheduling order with the new caption in this case. (ECF No. 9-1.) The amended scheduling order states that in the event Defendant does not agree to a remand, within thirty (30) days of service of Defendant's response to Plaintiff's confidential letter brief, Plaintiff shall file an opening brief. (ECF No. 9-1 at ¶ 6.) On May 23, 2017, Defendant filed a certificate of service stating that her response to Plaintiff's confidential letter brief was served on May 23, 2017. (ECF No. 15.) Plaintiff's opening brief was due on June 22, 2017.

After Plaintiff's deadline had passed for filing her opening brief, Plaintiff filed a stipulation on June 26, 2017, to extend the time to file her opening brief to July 24, 2017. (ECF No. 16.) Plaintiff requests the additional time to file her opening brief because additional time is

needed to fully research the issues presented. (ECF No. 16.) However, Plaintiff does not explain why she did not file the request for an extension of time until after the deadline had passed.

Based upon a review of the stipulation for an extension of time, and in light of the fact that Plaintiff filed the request after the deadline without an explanation for the delay in seeking an extension, the stipulation for an extension of time for Plaintiff to file her opening brief is denied without prejudice subject to renewal. Plaintiff's counsel is advised that he should be careful that the information in his certificate of service is correct. In the certificate of service filed with the June 26, 2017 stipulation, Plaintiff's counsel certified that he electronically filed the stipulation using the CM/ECF system on June 21, 2017. (ECF No. 16 at 3.) However, the stipulation was filed using the CM/ECF system on June 26, 2017.

The parties are advised that due to the impact of social security cases on the Court's docket and the Court's desire to have cases decided in an expedient manner, requests for modification of the briefing scheduling will not routinely be granted and will only be granted upon a showing of good cause. Further, requests to modify the briefing schedule that are made on the eve of a deadline will be looked upon with disfavor and may be denied absent good cause for the delay in seeking an extension. If done after a deadline, the party seeking an extension must show additional good cause why the matter was filed late with the request for nunc pro tunc.

Accordingly, IT IS HEREBY ORDERED that the stipulation for an extension of time for Plaintiff to file her opening brief (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated: __**June 27, 2017**__

UNITED STATES MAGISTRATE JUDGE

2